[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has used information from his pre-sentence investigation report (PSI) which report accompanied CT Page 15497 his mittimus on a sentence for assault of a victim sixty years or older in the first degree and burglary in the first degree. His claim is that the respondent used such information to raise his sexual treatment score as if he had been convicted as a sexual assault offender when any such records should have been erased pursuant to G.S 54-142a since the state did not proceed with prosecution of a sexual assault charge.
The petitioner testified that the PSI contained information alluding to some sexual contact for which he was not prosecuted and should have been erased pursuant to G.S. 54-142a. The petitioner has introduced pages from the respondent's regulations which he claims prevent their use. See Petitioner's Exhibits 1and 2.
Frederick Levesque, director of offender Classification and Population Management for the Department of Correction, testified that the named respondent is a counselor at MacDougall who works within the department which he directs. Assessments are made for each inmate for classification as to risk and as to treatment so that they may be properly placed in a facility which can provide adequate distraction in the case of risk and adequate staff in the case of treatment. To make such classification he has used all proper documents including police incident reports, PSI, mittimus, health and hospital reports, and interviews. In the case of the petitioner his PSI was used for the crimes for which he was convicted. Assault of a victim sixty years or older in the first degree and burglary in the first degree. See Respondent'sExhibit A. The underlying conduct for these charges were of a sexual nature.
Although the petitioner was originally charged with a third crime of sexual assault in the first degree that charge was not dismissed, nolled nor was a finding of not guilty made. The plea bargain resulted in his plea to the other two charges which encompassed the conduct recited in the PSI. Therefore the statute, G.S. 54-142a, does not provide for erasure of the records claimed by the petitioner nor the regulations enacted by the Commissioner, Petitioner's Exhibits 1 and 2, prevent their use for his classification.
For the above reasons the petitioner is denied.
Thomas H. Corrigan Judge Trial Referee CT Page 15498